United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Deborah Rechis,                                                    Case No. 04-55313-R
                Debtor.                                   Chapter 7
_____/

Mark Shapiro, Trustee
                Plaintiff,

v.                                                                 Adv. No. 04-4685

First Franklin Financial Corp., et al.,
                Defendants.
_____/

<u>Amended Opinion on Objection to Exemptions and Cross-Motions for Summary Judgment</u>

      Deborah Rechis filed a voluntary chapter 7 bankruptcy petition on May 27, 2004. In her initial schedules, Rechis disclosed an interest in her home and did not disclose a co-owner. Mark Shapiro is the duly appointed chapter 7 trustee.

      In order to purchase their home, Rechis and her husband obtained a loan from First Franklin Financial Corp. in the amount of $217,550. Rechis and her husband executed a promissory note for repayment and gave First Franklin a purchase money mortgage in the home. The loan closing was conducted on March 2, 2004. On March 10, 2004, First Franklin assigned its interest to Countrywide. On April 6, 2004, the mortgage was recorded by the Macomb County Register of Deeds. It is unclear whether the assignment of the mortgage has ever been recorded.

      On July 23, 2004, Shapiro filed a complaint to avoid the mortgage as a preferential transfer

pursuant to 11 U.S.C. § 547. First Franklin failed to file a timely response and a default judgment was entered on September 9, 2004.

After Shapiro took steps to liquidate the mortgage, he was contacted by Countrywide Mortgage and informed of the assignment. On May 5, 2005, the Court entered an order setting aside the default judgment and added Countrywide as a defendant.

On April 18, 2005, Rechis amended her schedules to indicate that the property was held jointly with her husband. However, Rechis did not amend her schedule C exemptions at that time.

On November 1, 2005, Shapiro filed a motion for summary judgment. On November 3, 2005, Shapiro's attorney received an email request from Countrywide's attorneys requesting a one week extension to file their motion for summary judgment. Shapiro's counsel agreed to the request.

On November 11, 2005, Rechis filed an amended schedule C electing the § 522(b)(2) "state" exemptions and exempting the Streamside Property as "held by the entireties." Shapiro filed a timely objection to the amendment.

On November 14, 2005, Countrywide filed its motion for summary judgment, asserting that the transfer was not preferential because the exempt property could only be administered for the benefit of joint creditors and that it was the sole joint creditor.

The Court heard oral arguments on December 15, 2005 and February 9, 2006. Shapiro's attorney conceded that if Rechis's amendment were allowed, the mortgage should not be avoided because it would be futile to avoid the mortgage just to administer the property for the benefit of Countrywide as the sole joint creditor. However, Shapiro asserts that the amended claim of exemption should be denied based on the doctrine of laches. Moreover, Shapiro asserts that there is no "tenancy by the entireties" exemption

under § 522(b)(1) and that if the amendment is not allowed, the mortgage may be avoided and the property administered for the benefit of all creditors.

I.

"The defense of laches 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *Tully Constr. Co., Inc. v. Cannonsburg Envtl. Assocs., Ltd.* (*Cannonsburg Envtl. Assocs., Ltd.*), 72 F.3d 1260, 1267 (6th Cir. 1996) (*quoting Kansas v. Colorado*, 514 U.S. 673, 687, 115 S. Ct. 1733, 1742, 131 L. Ed.2d 759 (1995) (*quoting Costello v. United States*, 365 U.S. 265, 282, 81 S. Ct. 534, 543, 5 L. Ed.2d 551 (1961))).

In the present case, Rechis delayed filing an amendment to her exemptions for 18 months. In her brief, Rechis asserts that the 18 month delay was not unreasonable because she believed that her property would be exempt under either § 522(b)(1) or (b)(2). Rechis asserts that she had no reason to believe her choice between the federal or state exemption would affect her entireties property until after *Shapiro v. Homecomings Fin. Network, Inc.* (*In re Davis*), 319 B.R. 532 (Bankr. E.D. Mich. 2005) was issued in January 2005.[1] However, at the February 9, 2006 hearing, Rechis's attorney abandoned this argument, admitting that under the plain language of the statute the entireties exemption is only available pursuant to

---

1. In *Davis*, Judge McIvor only held that a mortgage company's lien could not be avoided because the defendant was the sole joint creditor and avoidance of the lien would not increase the dividend to other creditors. Contrary to the suggestion by Rechis's attorney, nothing in the Davis opinion should affect a debtor's choice between § 522(b)(1) and §522(b)(2) in choosing exemptions.

3

§ 522(b)(2). Rechis's attorney admitted that Rechis chose the § 522(b)(1) exemptions because they seemed better at the time. Further, Rechis's attorney admitted that the amendment to exemption was prompted by a phone call from Countrywide's attorney. Accordingly, the Court holds that Rechis was not diligent in filing her amendment to schedule C.

Further, the trustee and the estate are prejudiced by the delay. At the February 9, 2006, hearing, Shapiro's attorney asserted that the trustee would not have pursued this litigation if Rechis had timely claimed the entireties exemption. Shapiro's attorney notes that the original schedules disclosed only Rechis as owner, that the schedules did not disclose a co-debtor on the mortgage, and that schedule C only claimed $11,000 exempt pursuant to § 522(d)(1). It was not until after the trustee began this litigation that Rechis amended schedule A to show the property as owned by both herself and her husband. Then, only after Shapiro filed his motion for summary judgment and after the request from Countrywide's attorney did Rechis amend schedule C to claim the entireties exemption pursuant to § 522(b)(2). Rechis asserts that Shapiro's actions in the *Davis* case belie his assertion that he would have abandoned the litigation, because in *Davis* Shapiro pursued an avoidance action even when the state exemption had been claimed.

Shapiro's attorney stated that her firm had expended approximately 16 hours on the avoidance action from the filing of the case through February 28, 2005, the date of the *Davis* decision. However, from March 1, 2005 through December 31, 2005, her firm had spent approximately 84 hours. It is clear that the majority of the time was spent following the *Davis* decision and prior to Rechis's amendment to schedule C. The Court finds fully credible Shapiro's assertion that he would not have pursued litigation if Rechis had claimed the § 522(b)(2)(B) entireties exemption. Substantial administrative expenses were incurred as a direct result of the exemptions that Rechis delayed 18 months in amending. Accordingly, the

4

Court finds that Shapiro and the estate have been prejudiced by the delay.

Because the Court finds that Rechis was not diligent in filing her amendment to schedule C and there is prejudice to Shapiro and the estate, Shapiro's objection to Rechis's amendment to schedule C is sustained based on the doctrine of laches. Rechis is not entitled to claim exemptions pursuant to § 522(b)(2).

II.

> Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgement may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.*, 800 F. Supp. 547, 549-50 (E.D. Mich. 1992). Both parties assert that there are no genuine issues of material fact.

Section 547 provides:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
>
> > (1) to or for the benefit of a creditor;
> > (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> > (3) made while the debtor was insolvent;

5

> (4) made--
> > (A) on or within 90 days before the date of the filing of the petition; or
> > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> 
> (5) that enables such creditor to receive more than such creditor would receive if--
> > (A) the case were a case under chapter 7 of this title;
> > (B) the transfer had not been made; and
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

At oral argument, Countrywide's attorney conceded that elements (1)-(4) are established. However, Countrywide argues that regardless of the exemption statute chosen, property held as tenancy by entireties can only be recovered and administered for the benefit of joint creditors. Countrywide is the sole joint creditor. Accordingly, Countrywide asserts that element (5) is not present because Countrywide did not receive more than it would if the transfer had not been made.

Shapiro asserts that it is clear from the bankruptcy code that the entireties exemption is only available when the state exemptions are chosen. Shapiro asserts that because Rechis only exempted $11,000 of her interest in the property that the property may be administered for the benefit of all creditors.

The Court holds that the entireties exemption is only available pursuant to § 522(b)(2).

> Under section 522(b), the debtor may choose to exempt property under subsection 522(b)(1) or subsection 522(b)(2). Under the former, the debtor may choose from the list of federal exemptions under section 522(d) or from a list of exemptions under applicable state law, unless the state has "opted out" of the federal exemptions. *See* 11 U.S.C. § 522(b)(1). However, under subsection 522(b)(2), a debtor who owns

>entireties property may exempt interests in that property if it is not subject
>to process under applicable state law. *See* 11 U.S.C. § 522(b)(2).

*Arango v. Third Nat'l Bank in Nashville* (*In re Arango*), 992 F.2d 611, 613 (6th Cir. 1993). The Sixth Circuit has explained that entireties property may be sold if it is not specifically exempted. *In re Grosslight*, 757 F.2d 773, 775 (6th Cir. 1985) ("The debtor *may* be able to exempt the entireties property under 11 U.S.C. § 522(b). . . . If not specifically exempted, the debtor's interest in the entireties property may be sold pursuant to 11 U.S.C. § 363(h)-(j).") (emphasis added). *See also Lasich v. Wickstrom* (*In re Wickstrom*), 113 B.R. 339, 347 (Bankr. W.D. Mich. 1990).

It is important to note that Congress made the entireties exemption available to debtors through § 522(b)(2)(B). There is no mention of the entireties exemption anywhere in § 522(d), which lists the federal exemptions from § 522(b)(1). *See Waldschmidt v. Hamilton* (*In re Hamilton*), 32 B.R. 33 (Bankr. Tenn. 1983) ("There is no comparable provision for debtors who select the . . . [federal] . . . exemption system." (citing 1 NORTON BANK. L. & P. § 26.10 (1981)). Because Congress specifically addressed the entireties exemption in § 522(b)(2), there can be no conclusion but that the § 522(b)(1) "federal" exemptions found in § 522(d) do not protect a tenancy by entireties. Indeed, Rechis's attorney conceded that she may not exempt the entireties property pursuant to § 522(d)(1).

Because Rechis chose the § 522(d)(1) "federal" exemption, only $11,000 of equity in the property is exempt. Therefore, property comes into the estate for benefit of all creditors. The security interest can be avoided as a preference because the security interest allows Countrywide to receive more than its pro-rata share as an unsecured creditor.

Accordingly, all of the elements of § 547(b) are present. The mortgage is avoided as a preferential

7

transfer.

## Conclusion

Shapiro's objection to Rechis' amendment to exemptions is sustained. Shapiro's motion for summary judgment is granted. Countrywide's motion for summary judgment is denied.

For Publication

**Entered: March 23, 2006**

                                                                            /s/ Steven Rhodes
                                                                           **Steven Rhodes**
                                                                           **Chief Bankruptcy Judge**